UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| Beatrice Blyth<br>113 A Hillcrest Ave<br>Collingswood, NJ 08108<br><br>    Plaintiff,<br><br>v.<br><br>Marauder Corporation, d/b/a CPS<br>c/o Paracorp Incorporated, Registered Agent<br>2804 Gateway Oaks Dr, Suite 200<br>Sacramento, CA 95833<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around July 15, 2009, Defendant telephoned Plaintiff's son ("Son").

1

8. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Son.

9. During this communication, Defendant falsely represented to Son that Defendant was calling about pending legal action against Plaintiff.

10. On or around July 15, 2009, Defendant telephoned Son's mother in-law ("Eileen").

11. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Eileen.

12. During this communication, Defendant falsely represented to Eileen that Defendant was calling about pending legal action against Plaintiff.

13. On or around July 15, 2009, Plaintiff telephoned Defendant.

14. During this communication, Defendant failed to identify that Defendant was a debt collector.

15. During this communication, Defendant falsely represented itself as a litigator.

16. During this communications, Defendant falsely represented that Plaintiff committed fraud.

17. During this communication, Defendant falsely represented to Plaintiff that there were criminal charges pending, or about to be filed, against Plaintiff.

18. At the time of this communication, Defendant had neither the intention nor ability to file fraud charges against Plaintiff.

19. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692d in that Defendant failed to meaningfully disclose its identity during telephone communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e in that Defendant failed to advise Plaintiff during verbal communications that Defendant was a debt collector.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT NINE

### Invasion of Privacy by Public Disclosure of a Private Fact

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's son and Son's mother in-law.

39. Defendant's disclosure of Plaintiff's debt, accusation of a crime, and the threat of legal action to these people is highly offensive.

40. The information disclosed is not of legitimate concern to the public.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

43. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

44. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

45. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

47. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

48. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

                            RESPECTFULLY SUBMITTED,

                            Macey & Aleman, P.C.

                            By:   /s/ Alana M. Carrion
                            Alana M. Carrion
                            17 Academy Street, Suite 615
                            Newark, NJ 07102
                            Tel: 1.866.339.1156
                            Fax: 1.312.822.1064
                            Email: axc@legalhelpers.com
                            *Attorney for Plaintiff*