UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BEATRICE BLYTHE, | : | |
| | : | Civ. No. 09-5695 |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM ORDER |
| | : | |
| MARAUDER CORP., d/b/a CPS, | : | |
| | : | |
| Defendant. | : | |

These matters come before the Court on Plaintiff's motion for default judgment against Defendant Marauder Corporation, d/b/a/ CPS ("Marauder") [Dkt. No. 5] and motion for an award of attorneys' fees [Dkt. No. 6]. Plaintiff alleges violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 and invasion of privacy.

Allegedly, the defendant is a debt collection agency as defined by the FDCPA, 15 U.S.C. § 1692a(6). (Compl.¶ 5) According to the Court's docket, the Complaint was filed on November 6, 2009 [Dkt. No. 1] and the Summons was returned executed on January 6, 2010 [Dkt. No. 2]. Generally, the Complaint alleges that in an attempt to collect a debt from Plaintiff, Defendant telephoned both Plaintiff's son and Plaintiff's son's mother-in-law and informed them of Plaintiff's debt, in violation of 15 U.S.C § 1692. The Defendant has failed to file a response. The Clerk entered default on February 4, 2010 and Plaintiff now moves for default judgment and attorneys' fees.

**STANDARD OF REVIEW**

The entry of a default is primarily a matter of judicial discretion, and the Third Circuit has "repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)

(citations omitted); see also Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 (D.N.J. Apr. 1, 2008). The Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against "a properly served defendant who fails to plead or otherwise defend an action." La. Counseling and Family Servs. v. Makrygialos, LLC., 543 F.Supp.2d 359, 364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). Thus, to obtain a default judgment against a defendant, the plaintiff must first show by affidavit or other evidence that (1) the defendant was properly served with the complaint; (2) defendant failed to answer or plead within the allotted time; and (3) the proper amount of damages. Fireman's Fund Ins. Co., v. Sw. Equipt. Rental, Inc., No. 88-2765, 1989 WL 200946, at *2 (D.N.J. July 17, 1989).

## ANALYSIS

In the present case, the Court focuses on whether it has personal jurisdiction over the Defendant. When considering a motion for default judgment, a court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986). In the absence of personal jurisdiction, an entry of default judgment is void. System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). This Court has federal question subject matter jurisdiction pursuant to 15 U.S.C. § 1692. However, it is impossible to discern from the Complaint, or any of the filings, whether the Court also has personal jurisdiction over the Defendant.

The Complaint lacks any assertion of the citizenship and other residencies of the

Defendant. Instead, a California address for the Defendant appears only under its name as part of the caption of the case. A review of the executed return of service filed on the Court's docket confirms that the Summons and Complaint were served upon Defendant at the California address listed below the defendant's name in the caption. Whether the Defendant has a presence in New Jersey is unknown.

The Federal Rules permit a district court to exercise personal jurisdiction over a nonresident defendant to the extent permitted by the state in which the district court sits; here, New Jersey. Fed.R.Civ.P. 4(e). New Jersey's long-arm statute grants this Court the same authority as the due process clause of the fourteenth amendment of the United States Constitution. N.J.Ct.R. 4:4-4. " The due process clause of the fourteenth amendment of the United States Constitution limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir.1987) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, (1945)(other internal quotations omitted).

This Court is unable to evaluate whether it has personal jurisdiction over Defendant because the Complaint and motion filings do not detail whether Defendant has a presence in New Jersey or the nature and the frequency of the alleged contacts Defendant had with New Jersey.[1] In addition, the motion for default judgment fails to

---

[1] Although the Complaint attests to proper venue, it does so "because a substantial part of the events giving rise to this claim occurred in this judicial district." Compl. at ¶ 1. There is no detail in the Complaint regarding the specific nature of the alleged events that occurred in New Jersey other than the phone call Plaintiff alleges to have made to Defendant. Compl. at ¶ 13. The

adequately detail the basis for the calculation of the damages sought.

For all of these reasons, Plaintiff's motions for default judgment [5] and attorneys' fees [6] are DENIED without prejudice.  Plaintiff is ORDERED to SHOW CAUSE within twenty (20) days of the date of this ORDER why the Court should not dismiss the Complaint for lack of personal jurisdiction.  See System Pipe, 242 F.3d at 324 (where a Court questions personal jurisdiction on a motion for default judgment, the court may deny the motion and *sua sponte* dismiss for lack of personal jurisdiction); Dennis Garberg & Assoc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 771-72 (10th Cir. 1997) (holding "that a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case.").

It is SO ORDERED this 16th day of September, 2010.

/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge

---

phone calls alleged to have been received by Plaintiff's son and the son's mother-in-law are insufficiently described and there is no indication that these individuals received the alleged calls while they were in New Jersey. Compl. at ¶¶ 7, 10.  Even if it were assumed that the Defendant called New Jersey, on this record, the Court is unable to evaluate the sufficiency of the contacts for purpose of conferring personal jurisdiction.